## VON HERR v. LOUISIANA COCA–COLA BOTTLING, CO., Limited. *

### No. 14335.

Court of Appeal of Louisiana. Orleans.

May 8, 1933.

M. C. Scharff, of New Orleans, for appellant.

P. M. Milner, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff claims from defendant company, which is engaged in the business of bottling Coca-Cola, $5,820 damages covering personal injuries, medical expenses, and loss of salary, said to have resulted from swallowing a part of a mouthful of Coca-Cola containing tobacco on October 17, 1930. The defendant denied the allegations of the petition, and averred that it was free from fault because the process under which the beverage was bottled made it impossible for any foreign matter to get into the bottle while in the defendant's charge.

The trial court rendered the following judgment:

"I do not feel that plaintiff has made out a case against (defendant) although a wide latitude was allowed in evidence in his behalf on the trial.

"Suit dismissed."

Plaintiff has appealed.

Plaintiff testified that he and a friend went into a restaurant for the purpose of purchasing two bottles of Coca-Cola; that, as the attendant opened the bottles, the contents effervesced, and he immediately took a mouthful of it, and, after swallowing a portion of it, discovered that there was some foreign matter in the liquid, whereupon he spat out the remainder of it; that he held the bottle to the light and it appeared that there were strands of tobacco contained therein; that he called the attention of the proprietor and several other parties in the restaurant to the fact; that he left the restaurant with the bottle and the remaining contents and went to his office; that upon reaching there he immediately began to vomit violently, which caused a hemorrhage from his stomach; that the next day he consulted a doctor, who treated him for a period of three weeks, during which period he also suffered from hemorrhages and intense and excruciating pain; and that he was incapacitated for a period of four months.

Jack Esteves, an employee of the plaintiff, without pay, who was with him at the time, corroborated plaintiff's testimony.

Dr. Harry Heiman, who treated the plaintiff the day after he claimed he drank the Coca-Cola, testified that he found slight abrasions and also sores in the plaintiff's mouth, and that at the time of the examination plaintiff coughed up some blood; that his handkerchief was saturated with blood; that

---

*Rehearing denied June 12, 1933.

the plaintiff told him that he had swallowed some glass while drinking Coca-Cola; that he treated the plaintiff for three weeks, seeing him every day for about two weeks and then every other day for the balance of that time; that on one occasion plaintiff's wife called up the doctor and advised him that the plaintiff was vomiting quite a good bit of blood, and he prescribed certain medicines which he ordered sent to plaintiff's home; and that after about three weeks he discharged him as cured.

The defendant offered the testimony of Milton Picou and Jennie Lee Picou to the effect that the plaintiff purchased the Coca-Cola from them and complained that he had gotten some foreign matter in his mouth, which had the appearance of strands of tobacco; that he left and subsequently returned claiming that he had suffered several hemorrhages of the stomach as a result of drinking the Coca-Cola; that the plaintiff prevailed upon them to make statements to the insurance adjuster in plaintiff's favor in order that he might obtain money; and that plaintiff also attempted to prevail upon them to testify as witnesses in his behalf.

Defendant presented evidence tending to show that the mechanical process by which the Coca-Cola bottles were cleaned and refilled would make it quite unlikely that any foreign substance could get into the bottles during the time they were in the defendant's charge.

Defendant also offered the testimony of a chemist who analyzed a portion of the contents of the bottle and reported that the only foreign matter found was shreds of partially burned tobacco, and that the Coca-Cola did not contain any alkaloidal or mineral poisons. The defendant further offered in evidence the Charity Hospital report showing that plaintiff had been confined in the hospital from June 19, 1930, to June 28, 1930, suffering from ulcers of the stomach which caused hemorrhages through the nose and mouth.

The sole issue presented is one of fact which depends entirely upon the credibility of the witnesses. The plaintiff's doctor says that when the patient called upon him at his office for treatment he stated that he had swallowed glass while drinking a Coca-Cola. Although the plaintiff was placed on the stand in rebuttal, he made no attempt to take issue with the doctor as to the truthfulness of that statement, and plaintiff's counsel neither in his brief nor his argument at bar makes any attempt to explain this serious discrepancy with reference to a material fact.

Plaintiff claims he was entirely well of the ulcers of the stomach at the time he drank the Coca-Cola, and that, as a result of drinking the contaminated beverage, he suffered a number of severe hemorrhages of the stomach and was sick for four months. The un-disputed chemical analysis of a portion of the contents of the bottle shows that there were no poisons in it. It taxes our credulity to believe that the plaintiff, having swallowed merely a part of a mouthful of Coca-Cola with strands of tobacco in it, could suffer such serious results as claimed.

Plaintiff asserts that he is entitled to $45 a week for loss of salary. The evidence convinces us that plaintiff's employer gave up his office on September 30, 1930, when he dispensed with the plaintiff's services. Plaintiff admits that he then undertook to conduct a dental school, but does not attempt to show that he sustained any loss in his business as a result of being sick, as alleged.

Plaintiff also admits that he never consulted a doctor until the day following that on which he drank the Coca-Cola, although he had suffered several hemorrhages during the previous afternoon.

We conclude that the testimony of the plaintiff and his witness is not convincing.

■ Counsel for plaintiff has attacked the credibility of Mr. Picou and his sister, and we may say that there is a great deal of merit in his criticism of their testimony, but the plaintiff must depend upon the strength and weight of his own evidence and not upon the weakness of defendant's.

We concur in the view of the trial judge that plaintiff has failed to prove his case.

For the reasons assigned, the judgment is affirmed.

Affirmed.